**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WALLACE B. RODERICK REVOCABLE LIVING TRUST, TRUSTEE WALLACE B. RODERICK, on behalf of itself and others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**XTO ENERGY, INC., (including predecessors, successors, and affiliates),**<br><br>**Defendant.** | Case No. 08-1330-JTM |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to amend its complaint. (Doc. 13).[1] Defendant opposes the motion. For the reasons set forth below, the motion shall be GRANTED.

### **Background**

Highly summarized, plaintiff alleges that defendant underpaid royalty owners for gas produced from wells in Kansas, Oklahoma, and Colorado. Plaintiff contends that defendant underpaid royalty owners through (1) improper accounting deductions and (2) failure to

---

[1] Plaintiff brings this action individually and on behalf of "others similarly situated." For purposes of editorial clarity the court will refer to plaintiff in the singular.

obtain the "best reasonable price." Plaintiff seeks an accounting and to recover the under-payments.

## Motion to Amend

The standard for permitting a party to amend a complaint is well established. Without an opposing party's consent, a party may amend his or her pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Plaintiff moves to amend, proposing an amended complaint that expands the original pleading from 4 to 25 pages. The increase in length is the result of (1) a substantially expanded list of factual allegations and (2) additional claims and legal theories, including fraudulent concealment, estoppel, breach of contract, and unjust enrichment. Defendant

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

opposes the motion, arguing the amended complaint (1) fails to identify parties as required by Fed. R. Civ. P. 10(a); (2) violates Rules 8(a), 11, and 12(f); and (3) fails to allege fraudulent concealment with specificity as required by Rule 9(b). The parties' arguments and the court's ruling are set forth in greater detail below.

**Rule 10(a) and Properly Identified Parties**

The amended complaint lists the defendant as "XTO Energy, Inc. **(including predecessors, successors, and affiliates)**" (emphasis added).[3] Defendant argues that the motion to amend should be denied because Fed. R. Civ. P. 10(a) requires that "the title of the complaint must name all the parties." Defendant contends that a failure to specifically name a party in the caption of the case is grounds for dismissal. (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61(9th Cir. 1992)(a complaint may be dismissed for failure to comply with Rule 10(a) if "et al." is used in the caption without ever identifying the defendants sought to be included).

The difficulty with defendant's argument is that the original complaint similarly listed the defendant as "XTO Energy, Inc. (including predecessors, successors, and affiliates)" and plaintiff proposes no amendments to the caption of the case or the named "defendant." Accordingly, under the circumstances, XTO Energy's argument is procedurally misguided

---

[3] Paragraph 6 of the amended complaint similarly describes the defendant as XTO Energy, Inc. (including predecessors, successors, and affiliates).

and Rule 10(a) is not a proper ground for denying plaintiff's proposed amended complaint.[4]

## Rule 12(f)[5]

Defendant argues that the court should strike paragraphs 21-45 of plaintiff's proposed amended complaint because the allegations are immaterial and/or include improper innuendo and name calling. Plaintiff counters that the allegations are relevant and provide support and context for its claims and request for class certification.

Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standards for granting

---

[4] Plaintiff references potential discovery disputes related to its use of the term "affiliates." Reply brief, Doc. 21, footnote 2. The court declines to express any advisory opinion concerning hypothetical discovery issues that are not properly before the court.

The court also expresses no opinion at this time on the issue of whether the phrase "including predecessors, successors, and affiliates" in plaintiff's original complaint complies with Rule 10(a).

[5] Defendant generally asserts that plaintiff also violates Rule 8(a)(2) by failing to provide "a short and plain statement of the claim." However, Rule 8(a) is intended to give defendant fair notice of the claims and the grounds upon which they rest. Because defendant's arguments focus on whether certain allegations in the proposed amended complaint are immaterial or scandalous under Rule 12(f), the court is not persuaded that a separate analysis under Rule 8(a) is warranted.

Defendant also argues that the motion to amend should be denied because certain allegations violate Fed. R. Civ. P. 11. However, the procedures for challenging an attorney's representations in a pleading or motion under Rule 11 are very specific and set forth in the rule itself. For example, "a motion for [Rule 11] sanctions ***must be made separately from any other motion.***" Rule 11(c)(2) (emphasis added). Accordingly, the court rejects defendant's Rule 11 argument as a grounds for denying plaintiff's motion to amend.

a Rule 12(f) motion are demanding and summarized by Chief Judge Vratil of this district as follows:

> Rule 12(f) motions are a generally disfavored, drastic remedy. A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties. If the record reveals any doubt as to whether under any contingency a certain matter may raise an issue, the court should deny the motion. If plaintiffs plead evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken.

Miller v. Pfizer, Inc., 1999 WL 1063046, at * 3 (D. Kan. Nov. 10, 1999)(citations omitted).

The court agrees that paragraphs 21-45 contain some language of questionable materiality. For example, plaintiff recites in paragraph 24 that Kansas gas production dates back over 50 years and "Kansas has a long history of certifying royalty owner class actions." The relevance and materiality of the "general history" of other cases is not entirely clear. However, paragraphs 21-45 contain a general factual overview of gas production that, ***when considered as a whole***, provide "evidentiary facts that aid in giving a full understanding of the complaint as a whole."[6] Moreover, the court is also not persuaded that the allegations in plaintiff's amended complaint rise to the level of "scandalous" material. As noted above, Rule 12(f) motions to strike are generally disfavored and considered a drastic remedy. Under

---

[6] For example, paragraphs 28-36 contain an overview of production processes and industry terms that are helpful in understanding plaintiff's allegations and theories.

Defendant proposes its own red-lined version of plaintiff's amended complaint, striking one or two sentences in some paragraphs and striking entire paragraphs in other instances. This highly selective editing process may, in defendant's view, create a more streamlined complaint with a less abrasive tone. However, at the end of the day, plaintiff's theories and claims remain the same. Defendant's Rule 12(f) arguments contribute little, if anything, to the process of resolving plaintiff's claims.

the circumstances, the court is not persuaded that defendant has carried its "demanding" burden for an order to strike under Rule 12(f).

**Rule 9(g)**

Plaintiff alleges in amended paragraph 53 that defendant represented to plaintiff and the class members on their check stubs that a proper accounting had been provided but, through a series of common omissions and misrepresentations, plaintiff and the class did not receive a proper accounting. Amended paragraph 54 alleges that defendant secretly carried out its scheme to pay plaintiff and the class an amount less than the proper amount of royalty. Amended paragraph 55 then alleges that, because of defendant's misrepresentations and omissions, plaintiff and the class were not aware of defendant's schemes and that the applicable statute of limitations should be tolled based on the doctrines of (1) fraudulent concealment, (2) the discovery rule, (3) continuing conduct, and (4) estoppel. Defendant opposes the motion to amend, arguing that paragraphs 53-55 violate Rule 9(g) for failure to plead fraud with particularity.

The court is not persuaded that defendant's Rule 9(g) arguments are sufficient grounds for denying plaintiff's motion to amend. Defendant's conclusory arguments concerning Rule 9(g) are limited to five sentences and simply do not persuade the court that, as a matter of law, plaintiff's allegations in paragraphs 53-55 are fatally defective.

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 13)** is **GRANTED.** Plaintiff shall file the amended complaint within ten days of this order.

-7-

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a surreply **(Doc. 22)** is **DENIED.**

Dated at Wichita, Kansas this 9th day of March 2009.

                                                    S/ Karen M. Humphreys
                                      _____
                                      KAREN M. HUMPHREYS
                                      United States Magistrate Judge