IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALLACE B. RODERICK REVOCABLE LIVING
TRUST, TRUSTEE WALLACE B. RODERICK,
ON BEHALF OF ITSELF AND ALL OTHERS
SIMILARLY SITUATED,

        Plaintiff,

        vs.                    Case No. 08-1330-JTM

XTO ENERGY, INC.,

        Defendant.

MEMORANDUM AND ORDER

This is a prospective class action by the plaintiff Wallace B. Roderick Revocable Living

Trust alleging that the class – composed of royalty owners of natural gas wells in Colorado, Kansas,

and Oklahoma – received inadequate royalties for natural gas produced by defendant lessee XTO

Energy, Inc. By prior Order (Dkt. 110), the court granted defendant XTO's motion for partial

summary judgment, holding, inter alia, that the doctrines of *res judicata* and release barred

plaintiff's claims to the extent that these were also presented in a prior, settled Oklahoma class

action, *Booth v. Cross Timbers Oil Company,* Case No. CJ-98-016. Plaintiff Roderick Trust

subsequently filed a motion for reconsideration directed at this aspect of the court's Order.

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The plaintiff does not attempt to argue the existence of new evidence or an intervening change in the law. Rather, its lengthy brief for reconsideration is directed solely in supporting the contention that the court's prior order creates manifest injustice. Specifically, in its brief in support of reconsideration, Roderick Trust argues (Dkt. 112, at 2) that reconsideration is appropriate because the matter"involves a process constitutional legal issue," will further "effect [sic] thousands of class members in the *Booth* case," will "set precedent," and is allegedly inconsistent with case law, in particular the Tenth Circuit's decision in *Pelt v. Utah*, 539 F.3d 1271 (10th Cir. 2008). The Roderick Trust argues at length that due process was not satisfied in *Booth,* that class notice in that action was deficient, and that further discovery is required into the *Booth* action

None of the cited rationales provides a justification for reconsideration. The constitutional, consequential, and precedential nature of the court's prior Order was both clear and integral to the resolution of the motions presented by the parties. These aspects of the Order were the direct product

2

of issues which the parties had vigorously argued in the briefs on the summary judgment motion and the plaintiff's competing Rule 56(f) motion. Furthermore, the parties extensively discussed the cited case law in their summary judgment briefs and the court did as well in its Order.

In its prior Order, the court explicitly discussed the due process requirements of additional discovery, and the validity of the notice in the *Booth* action. The Roderick Trust's current motion is accordingly a reargument, at length, of issues previously addressed and resolved by the court. The Trust's continued disagreement with that resolution provides no basis for the relief sought.

IT IS ACCORDINGLY ORDERED this 29th day of September, 2010, that the plaintiff's Motion for Reconsideration (Dkt. 111) is hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE