IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALLACE B. RODERICK REVOCABLE
LIVING TRUST, Trustee Amanda
Roderick on behalf of itself
And John W. Fitzgerald, on
Behalf of himself and all
Others similarly situated,

                Plaintiffs,

    v.

                                    Case No.12-1215-RDR/KGS

OXY USA INC.,

                Defendant.

_____

WALLACE B. RODERICK REVOCABLE
LIVING TRUST, Trustee Amanda
Roderick on behalf of itself
And all Others similarly
Situated,

                Plaintiffs,

                                    Case No. 08-1330–JTM/KMH

    v.

XTO ENERGY, INC.,

                Defendant.

_____

**MEMORANDUM AND ORDER**

These cases are presently before the court on plaintiffs' motions to transfer and consolidate. Both cases arise out of the alleged underpayment of royalties to gas well owners. Plaintiffs seek to consolidate these cases and transfer them to Judge J. Thomas

Marten for purposes of discovery management and pretrial motions. As discussed below, the motion is granted.

## I. Background

Plaintiffs lease gas wells to defendants in exchange for royalty payments on oil and gas products derived therefrom. Plaintiffs allege that defendants improperly calculate the royalties paid to plaintiffs by, among other things, deducting costs of making the gas marketable, deducting conservation fees, and basing royalties on starting prices derived from sales to defendants' affiliates. A dissertation of the background is unnecessary because the parties are familiar with the allegations and posture of each case.

## II. Analysis

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." FED. R. CIV. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." WRIGHT & MILLER, 9A FEDERAL PRACTICE & PROCEDURE: CIVIL (THIRD) § 2381 (2014). Therefore, the court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Here, the cases share several issues of law. Both will require analysis of: whether affiliate sales are proper starting prices under Kansas law for royalty payment, whether the marketable condition rule applies, what processing fees are deductible under the marketable condition rule, and whether a lessee can deduct conservation fees from royalty payments.

These cases also share common questions of fact regarding: what royalty deductions were made as to each lease, whether each lease is expressly exempt from the marketable condition rule, whether defendants charged plaintiffs conservation fees, and what royalties were paid on helium and other gas products. Further, both cases will require a similar analytical framework to ultimately resolve marketable condition liability by determining when or where gas products became marketable, and whether any deductions for processing marketable products were warranted.

In the interest of efficiently resolving the cases in a consistent manner, consolidation is warranted. The cases shall be consolidated and transferred to Judge J. Thomas Marten for all remaining pretrial matters.

IT IS ACCORDINGLY ORDERED this 29th day of December, 2014, that plaintiffs' motions to consolidate and transfer (Dkt. 152 in No. 12-1215-RDR and Dkt. 226 in No. 08-1330-JTM) are GRANTED.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
