IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALLACE B. RODERICK REVOCABLE
LIVING TRUST, Trustee Amanda
Roderick on behalf of itself
And all Others similarly
Situated,

    Plaintiffs,

                   Case No. 08-1330–JTM-KMH

 v.

XTO ENERGY, INC.,

    Defendant.

## MEMORANDUM AND ORDER

Before the court is defendant XTO Energy, Inc.'s ("XTO") Motion for Emergency Stay of Consideration (Dkt. 299). This case arises out of the alleged underpayment of gas well lease royalties. As discussed below, the motion is granted in part.

### I. Background

Plaintiff leases gas wells to XTO in exchange for royalty payments on oil and gas products derived therefrom. Plaintiff alleges that XTO improperly calculated the royalties paid to plaintiff by, among other things, deducting costs of making the gas marketable, deducting conservation fees, and basing royalties on starting prices derived from sales to defendant's affiliates. A dissertation of the background is unnecessary because the parties are familiar with the allegations and posture of the case.

On October 17, 2014, plaintiff simultaneously filed a motion for class certification (Dkt. 278) and two motions for partial summary judgment (Dkts. 280, 282).

## II. Analysis

XTO moves the court to: (1) stay consideration of plaintiff's motions for partial summary judgment (Dkts. 280, 282) until after a ruling on plaintiff's Second Motion for Class Certification (Dkt. 278); or (2) extend defendant's time to respond to the partial summary judgment motions beyond the December 23, 2014, deadline. The response deadline has since passed and XTO timely responded to the motions. XTO's alternative request is therefore moot. The court addresses the request to stay consideration of plaintiff's motions for partial summary judgment.

XTO argues that the so-called "one-way intervention rule" requires class certification to be determined before a ruling on plaintiff's motion for summary judgment. (Dkt. 300, at 14-17) (citing *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 (7th Cir. 1975). "One-way intervention" occurs when judgment on the merits in favor of plaintiffs prior to class certification allows potential class members to "await a resolution on the merits of the claim before deciding whether or not to join the lawsuit." *Peritz*, 523 F.2d at 353; *see also Scwharzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). The Tenth Circuit has not addressed the issue.

As noted by plaintiff, other circuits have held that dispositive motions may be determined before or contemporaneous with class certification. (Dkt. 302, at 12-14); *see, e.g.*, *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002) (The Sixth Circuit has "consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of [a] case.") (quotation and

citation omitted) (alteration in *Miami*).[1] However, the court finds it proper to reserve ruling on plaintiff's partial summary judgment motions until after determining class certification.

A certification order should issue "[a]t an early practicable time after a person sues or is sued as a class representative . . . ." FED. R. CIV. P. 23(c)(1)(A). Rule 23 further states that "judgment in a class action must: . . . for any class certified under Rule 23(b)(3), include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." FED. R. CIV. P. 23(c)(3). Rule 23 thus implies that entry of judgment should follow certification and notice. Indeed, most courts rule on certification before dispositive motions. *See, e.g.*, *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1981-82 (D.C. Cir. 1980); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759-60 (3d Cir. 1974); *Schwarzschild*, 69 F.3d at 295. However, not all dispositive motions will result in final judgment. Rule 23 does not clearly bar ruling on partial summary judgment, which would not be a final judgment in the action, before class certification.

The Federal Rules of Civil Procedure were amended to discourage one-way intervention because it allows plaintiffs to enter or remain in a class after the risk of litigation is extinguished. *See Peritz*, 523 F.2d at 353. "[T]he 1966 amendments were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits . . . ."

---

[1] Plaintiff also extensively quotes NEWBERG ON CLASS ACTIONS § 7:8 (5th ed), observing that circuits are split on the issue of whether dispositive motions may be ruled before class certification. (Dkt. 302, at 12-13).

*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974) (referring to the amendment excluding one-way intervention). The 2003 amendment to Rule 23(c)(1)(A) relaxed the timing requirement of a certification order from "as soon as practicable" to "at an early practicable time." FED. R. CIV. P. 23(c)(1)(A) advisory committee's note. The Note indicates that the relaxed standard was intended to provide the court with flexibility to gather information necessary to determine class certification. *Id.* The Note does not say whether the relaxed timing requirement allows ruling on dispositive motions prior to certification. The Federal Judicial Center endorses the position that the flexibility of Rule 23(c)(1) allows the court to rule on motions to dismiss or for summary judgment before certification. FED. JUDICIAL CTR., CLASS ACTION POCKET GUIDE 9 (3d ed. 2010).

Nevertheless, it is likely that the Rules still disfavor one-way intervention.[2] Therefore, the court is reluctant to rule on motions that encroach on the merits of a final decision before class certification. This is especially true where, as here, the certification motion is filed contemporaneously with the summary judgment motions, presenting no hardship in deciding the motions in the customary order. In the absence of greater clarity in the Rules or controlling precedent, the court finds it prudent to stay a ruling

---

[2] The Advisory Committee's Notes to the 1966 amendments indicate that one-way intervention may be proper in spurious class actions:

> Hitherto, in a few actions conducted as "spurious" class actions and thus nominally designed to extend only to parties and others intervening before the determination of liability, courts have held or intimated that class members might be permitted to intervene after a decision on the merits favorable to their interests, in order to secure the benefits of the decision for themselves, although they would presumably be unaffected by an unfavorable decision.

FED. R. CIV. P. 23(c)(3) advisory committee's note.

4

on plaintiff's motion for partial summary judgment until determining pending motion for class certification.

IT IS ACCORDINGLY ORDERED this 24th day of February, 2015, that XTO's Motion for Stay of Consideration (Dkt. 299) is GRANTED to the extent that the court will stay its ruling on plaintiff's motions for partial summary judgment (Dkts. 280, 282) until after ruling on plaintiff's motion for class certification (Dkt. 278).

IT IS FURTHER ORDERED that XTO's alternative request for an extension to reply to plaintiff's motions for partial summary judgment (Dkts. 280, 282) is DENIED.

s\ J. Thomas Marten
J. THOMAS MARTEN, JUDGE