IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALLACE B. RODERICK REVOCABLE
LIVING TRUST, Trustee Amanda
Roderick on behalf of itself
And all Others similarly
Situated,

            Plaintiffs,

                                          Case No. 08-1330–JTM-KMH

   v.

XTO ENERGY, INC.,

            Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant XTO Energy, Inc.'s ("XTO") Motion to Reconsider Consolidation (Dkt. 328). This case arises out of the alleged underpayment of gas well lease royalties. As discussed below, the motion is denied.

**I. Background**

A dissertation of the background is unnecessary because the parties are familiar with the allegations and posture of the case. The facts material to this order are as follows. Plaintiff leases gas wells to XTO in exchange for royalty payments on oil and gas products derived therefrom. Plaintiff alleges that XTO improperly calculated the royalties paid to plaintiff by, among other things, deducting costs of making the gas marketable, deducting conservation fees, and basing royalties on starting prices derived from sales to XTO's affiliates. On December 30, 2014, this case was consolidated with a similar case, *Wallace B. Roderick Revocable Living Trust, et al. v. OXY USA Inc.*, Case No.

12-1215. (Dkt. 323). OXY USA, Inc. ("OXY") is also a gas well lessee, but is not affiliated with XTO.

## II. Analysis

XTO moves the court to reconsider its order consolidating this case with Case No. 12-1215 (Dkt. 323). XTO argues that: (1) this case does not involve affiliate sales, (2) this case does not involve conservation fees, (3) consolidation threatens the confidentiality of XTO and defendant OXY's marketing agreements, (4) the cases are at materially different postures, and (5) consolidation will lead to judicial inefficiency. (Dkt. 328, at 1).

A court may reconsider a judgment by altering or amending it upon motion of a party within twenty-eight days of the entry of the judgment. FED. R. CIV. P. 59(e). "The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. FG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (brackets and internal quotation and citation omitted). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *accord United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could

have been raised earlier." *Christy*, 739 F.3d at 539 (quoting *Servants of Paraclete,* 204 F.3d at 1012).

XTO does not present any argument related to the law governing motions to reconsider. (Dkt. 328, at 1-10). It identifies no intervening change in law or previously unavailable evidence. XTO's legal arguments relate solely to the merits of this case and the law governing consolidation. The court construes those arguments as alleging clear error or manifest injustice resulting from consolidation.

Citing affidavits of its own employees (Dkts. 316, 318), XTO first argues that affiliate sales are not a common issue in the consolidated cases because they are not at issue in this case. XTO also cites plaintiff's Motion to Consolidate (Dkt. 226) and Brief in Support (Dkt. 227), arguing that plaintiff does not even claim that affiliate sales are a commonality between the XTO and OXY cases. Plaintiff's arguments for consolidation focused on the legal questions of marketable condition and methods of payment or deduction. However, the Amended Complaint clearly alleges that XTO improperly based royalty prices on affiliate sales. (Dkt. 37, at 6). No dispositive ruling has eliminated plaintiff's allegation. Affiliate sales remain a common issue in these cases.

XTO next argues that this case does not involve a conservation fee deduction dispute. XTO again cites an affidavit of its own employee (Dkt. 328-3), arguing that plaintiff has abandoned the allegation because it only appears in a footnote in plaintiff's Brief in Support of Second Motion for Class Certification (Dkt. 279). Again, no ruling has disposed of this allegation. This issue remains common to both cases.

XTO's remaining three arguments were or could have been raised earlier. XTO argues that consolidation threatens disclosure of defendants' confidential marketing agreements. It also claims that consolidation "presumptively lumps XTO and Oxy [OXY] into the same 'boat' so that the rulings as to one defendant will apply to the other" such that each defendant will have to analyze the marketing arrangements of the other. (Dkt. 328, at 4). Contrary to XTO's understanding of this consolidation, the court is capable of structuring pretrial and trial matters to protect the confidential nature of defendants' agreements.

XTO also argues that the differing procedural postures of the cases weigh against consolidation because the cases will require separate analyses of similar motions. The court is capable of resolving class certification and summary judgment issues in each case independently without conflating the facts and law of each case.

XTO finally argues that the differing procedural postures and non-common issues of law and fact will result in judicial inefficiency. This argument is nothing more than a second-guessing of the court's determination that judicial efficiency will result from consolidation. Again, the court is capable of conducting pretrial matters in this consolidation in a manner that does not lead to confusion or waste time for either the parties or the court. The common questions regarding liability and class certification will allow the court to advance both cases more efficiently as consolidated matters. XTO fails to demonstrate how the consolidation will result in manifest injustice or was clear error by the court.

In short, XTO challenges the court's decision to grant consolidation by raising pre-existing law, facts, and arguments thereof. XTO fails to show that reconsideration is warranted.

IT IS ACCORDINGLY ORDERED this 24th day of February, 2015, that XTO's Motion to Reconsider Consolidation (Dkt. 328) is DENIED.

                                              s\ J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE