IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALLACE B. RODERICK REVOCABLE
LIVING TRUST, Trustee Amanda
Roderick on behalf of itself
And all Others similarly
Situated,

        Plaintiffs,

                                            Case No. 08-1330–JTM-KMH

  v.

XTO ENERGY, INC.,

        Defendant.

_____

WALLACE B. RODERICK REVOCABLE
LIVING TRUST, Trustee Amanda
Roderick on behalf of itself
And John W. Fitzgerald, on
Behalf of himself and all
Others similarly situated,

        Plaintiffs,

  v.

                                           Case No.12-1215-JTM-KMH

OXY USA INC.,

        Defendant.

**MEMORANDUM AND ORDER**

        These cases arise out of the alleged underpayment of gas well lease royalties. They were consolidated for pretrial matters on December 30, 2014. No. 08-1330 (Dkt. 323); No. 12-1215 (Dkt. 178). On December 10, 2014, the Kansas Supreme Court heard

1

oral argument in *Fawcett v. Oil Producers Inc. of Kan.*, No. 12-208666-AS, 2013 Kan. LEXIS 1340 (Dec. 27, 2013) (granting review). *Fawcett* presents two issues central to these cases. XTO now moves the court to stay its case, No. 08-1330 (Dkt. 329), until the Kansas Supreme Court rules in *Fawcett*.

It is well settled that it is within the discretion of the trial court to stay proceedings. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. When exercising its discretion to stay proceedings, the trial court must weigh competing interests. *Id.* at 254-55 (citing *Kansas City So. R. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The Kansas Supreme Court's ruling in *Fawcett* may clarify Kansas law regarding (1) the applicability of the Marketable Condition Rule ("MCR") in Kansas oil and gas leases, and (2) the scope of the MCR. Both issues bear directly on the merits of these cases. Motions regarding class certification and partial summary judgment are pending in both cases. Those motions will require contemplation of the very issues presented in *Fawcett*. Any negative effects of delay caused by a stay in this case will be outweighed by the court's ability to properly adjudicate the pending motions without facing the specter of a contrary decision in *Fawcett*. Therefore, the court finds it prudent to stay both cases until the Kansas Supreme Court rules in *Fawcett*. XTO's Motion to Stay Case, No. 08-1330 (Dkt. 329) is therefore moot.

IT IS ACCORDINGLY ORDERED this 24th day of February, 2015, that both cases, No. 08-1330 and No. 12-1215, are STAYED until further notice, and XTO's Motion to Stay (Dkt. 329) is DENIED.

s\ <u>J. Thomas Marten</u>
J. THOMAS MARTEN, JUDGE
