## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALLACE B. RODERICK REVOCABLE LIVING TRUST, Trustee Amanda Roderick, on behalf of itself and all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>XTO ENERGY, INC.,<br><br>*Defendant.* | Case No. 08-1330-EFM-GFB |

### MEMORANDUM AND ORDER

Before the Court are two motions to strike (Docs. 374 and 376) filed by Defendant XTO Energy, Inc. ("XTO"). XTO moves to strike two expert reports filed by Plaintiff Wallace B. Roderick Revocable Living Trust ("the Trust"). In the interest of judicial economy, the Court denies these motions and disapproves of this litigation strategy.

Some context is required to understand XTO's motions to strike. Currently before the Court is the Trust's second motion for class certification. In this motion, the Trust must satisfy both Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure to demonstrate that class certification is proper. Rule 23(a) requires the Trust to demonstrate numerosity, commonality, typicality, and adequacy. And the Tenth Circuit has directed this Court to consider two separate

theories under which commonality may be lacking.[1] XTO challenges two expert opinions that support one of the Trust's two commonality arguments.[2]

Our legal system strongly prefers to decide cases on their merits. The Court generally disfavors motions to strike, and it especially disfavors them in this instance. This case has been in federal court since October 2008, and still the parties do not know whether or not this is even a class action. After almost a decade of litigation, the Court cannot resolve this threshold issue without wading through incidental motions that have little actual bearing on the ultimate outcome of this case. A fraction of the class certification motion relies on a partial motion for summary judgment. The partial motion is supported by an expert opinion. And XTO moves to strike the opinion that supports the partial motion that supports a fraction of the class certification motion. This painstaking motion-within-a-motion approach discourages progress and presses the Court into deciding matters that do not actually advance the case in any meaningful way.

It is perfectly fair for XTO to have concerns about the Trust's experts. But those concerns are better expressed on the merits; either by a Daubert motion or —if the time comes— at trial. At present, the motions to strike are simply unnecessary. There is no independent fact-finder who requires shielding from inadmissible evidence and improper opinions at this stage in the proceedings. And in the big picture, these expert reports play a small role in the substantial analysis required to determine class consideration. XTO can rest assured that the Court is capable of discerning which evidence is relevant and reliable and assigning weight accordingly.

---

[1] *Wallace B. Roderick Revocable Living Tr. v XTO Energy, Inc.*, 725 F.3d 1213, 1218-19 (2013).

[2] One expert report supports the motion to certify the class and the other supports a motion for partial summary judgment, but both expert reports address commonality.

But given the vast amount of litigation in this case, and the questions the Court has yet to answer, these motions are unnecessary and unhelpful to secure the just, speedy, and inexpensive determination of class certification in this case.

**IT IS THEREFORE ORDERED** that XTO's Motion to Strike Supplement to Declaration of Dr. William G. Foster Regarding Marketable Condition and Good Faith Sale (Doc. 374) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that XTO's Motion to Strike Expert Report of Daniel T. Reineke (Doc. 376) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of May, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE